Nash, J.
 

 This case was before the Court at June Term, 1850, and the principles of law, there discussed and decided by the Court, are decisive of the case as now presented. The case, then, did not set forth what amount of costs were to be paid by the defendant. The Court says,
 
 “
 
 as the amount of the costs which the defendant agreed to pay, and did pay, is not stated, and the opinion of the Court was given against the plaintiff, without any reference to the amount, it must be understood that the opinion rested exclusively upon the agreement, that the bond should be void or be delivered up, if or when the defendant should pay the costs, whether more or less, and upon the fact that he had paid them.” This is declared to be erroneous, annexing, upon parol evidence, a condition to a bond which is absolute in its face, and upon this principle the case was decided. In the case now before us, the agreement upon which the suit previously pending between the parties was compromised, is set out. By it the defendant bound himself to. pay Eighty Dollars of the costs, and if any balance is due he obliges himself to pay one half of it, and the bond upon which this.
 
 *31
 
 action is brought, was executed at the same time; and the defendant offered to prove, that it was at the time expressly-agreed, that the bond should be given up and surrendered, upon the defendant’s complying with that agreement. To this evidence the plaintiff objected, but it was received by the Court. And we concur with his Honor that the evidence was competent, not as annexing, by parol, a condition to a written instrument, but as laying a foundation to show 'its discharge. If A. owe by bond $100 to B., and B. owes C. a like sum, A. cannot discharge his obligation by showing he has paid his obligee’s bond to C. But if it be agreed between A. and B., that A. shall pay to C. the amount of his bond, and he does so, it will be a discharge under the plea of payment, and to that effect is the opinion of the Court upon the former trial of this case; It is there said, page 147: K If, indeed, the defendant paid the costs, or any part of them, we should hold the amount thus paid to be a payment pro
 
 tanto
 
 upon the bond sued on.” Bitt here he had not paid a less sum than that called for in the bond, but a much larger one; it is of course not a payment
 
 pro tanto,
 
 but one
 
 pro toto.
 

 Per Curiam. Judgment affirmed.