Pearson, J.
 

 Any one who will read
 
 Caldwell
 
 v. Smith, 4 Dev. and Bat. Rep. 64;
 
 Dickson
 
 v. Jordan, 11 Ire. Rep. 166 ;
 
 Dickson
 
 v. Jordan, 12 Ire. Rep. 79 ;
 
 McEntyre
 
 v.
 
 McEntyre, Ibid,
 
 302, will be convinced of the fact, that notwithstanding the many encroachments and innovations upon the common
 
 *109
 
 law which have been attempted of late years, and which have, to some extent,' been sanctioned and effected in several of the States, this Court has steadily adhered to the maxim
 
 caveat
 
 emptor, and held the law to be, as to title, a fair price implies a warranty, but as to soundness or quality, there is no warranty implied, and unless the purchaser takes an express warranty, he can claim damages only on the ground of deceit.
 

 In
 
 McEntyre
 
 v.
 
 McEntyre,
 
 itissaid, “If one, not having seen them, orders goods of a certain description at a certain price, and the goods sent do not answer the description, he may return them, or offer to return- them, within a reasonable time, •and rescind the contract.”
 

 This is on all hands admitted to be law. Whether it should be considered as an exception to the general rule above staled, in which light it is treated by Kent, 2 Com.
 
 879,
 
 or as a substantive principle of the common law, we need not now investigate. Such is the law. It is based on this ground: the .vendor cannot maintain an action on the contract, because he has not performed his part of it, and is driven to the common count for goods sold and delivered'. Now, if the vendee has refused to accept the goods, or -within a reasonable time returns them, or notifies the vendor that he may come and take them, this rebuts the implication of a promise to pay for the goods, which would otherwise arise from the fact that the vendee had made use of them, or derived benefit therefrom ; in other words, the implied assumpsit, upon which the common count is based, falls to the ground.
 

 Apply the principle to our case. The bags were to be of a size to hold two bushels of peas each, the price, fifteen cents ; so, there is a certain description of the article, a fixed price, and the vendee had not seen them until they were sent. The bags do not answer the description; so, the vendor cannot maintain his count on the contract-, and when he falls back on the common count, the vendee meets him with the objection,
 
 “
 
 the bags were of no use to me; I notified you within a reasonable time, that I would not have them.” On the same day the vendee took the trouble to send all the bags except two (that
 
 *110
 
 were overlooked) to the vendor, who refused to take them, and the whole number have been ever since lying un-used, and the' vendor might at any time, and still may, go and got them. This occurred within six or eight days after the bags had been sent to the agent of the vendee. The offer to let tho vendor have them back was within a reasonable time; tho use of them did not put it out of the power of the vendee to return them in as good order and condition as they were in when sent; nor did the vendee receive any substantial benefit by the temporary use his agent had' made of them; in fact the trouble of filling and then emptying them was about equivalent to the use. When one has had tho benefit of an article, he ought,
 
 de bono et equo,
 
 to pay such a price for it as it is reasonably worth, although it does not answer the description, and he is not liable on the contract; but as tho plaintiff’s right to recover on the common count is based on conscience, the use and benefit derived by the defendant must be substantial. It is trifling to say that there was any use prade of the bags, within the meaning of the rule.
 

 This case offers an illustration that the principles and learning in regard to the forms of actions, and the special and common counts, tend to the advancement of justice and fair dealing between man and man. Here, the bags were not of the description ordered, and the variance was in a particular directly affecting the interest of the purchaser, so as to form part of the essence of the contract. As the peas were intended for shipment, it is reasonable to presume that the object of the purchaser was to have all the bags of a size to hold
 
 two bushels,
 
 so that his consignee might sell by the bag without the necessity of
 
 breaking the bulk
 
 and having tho jwas measured a second time,—an operation that probably would have cost as much as the whole price of the bags. When, therefore, he discovered that the bags would not answer his purpose, and that if he took them he must submit to this expense, or subject himself to a strong suspicion of fraud if he sold by the bag, when one would fall short of the measure by a gallon, another by a quart, &c., he was at liberty to refuse to
 
 *111
 
 take them, and this being done within a reasonable time, the plaintiff had no right of action on the common count.
 

 Per Curiam.
 

 Judgment reversed.
 
 Venire do
 
 novo.