THE PATAPSCO GUANO COMPANY v. JOHN R. TILLERY.

*Contract—Quantum valebat—Counter-claim.*

1. In an action upon a promissory note given in pursuance of a contrect for the sale by payee of a specific article of merchandise, the maker may set up by way of counter-claim that the article furnished was not in compliance with the contract of sale, and that he was thereby damaged. .

2. In such action the plaintiff is entitled to judgment for the value of the article furnished, although it was not of the character stipulated in the original contract of sale; it appearing from the verdict that the defendant had used it, and had suffered no injury.

CIVIL ACTION, tried at Fall Term, 1891, of HALIFAX Superior Court, *Bryan, J*, presiding.

This action is founded upon the promissory note of the defendant for $418, due the 1st of March, 1888, executed to the plaintiff's agent, who endorsed the same to it. The defendant admitted the execution of the note as alleged, but alleged as a counter-claim that the consideration thereof was the plaintiff's agreement to supply him with "ten tons of genuine Peruvian guano"; that it failed to deliver such guano, but did deliver that quantity of an inferior fertilizer of value not greater than $15 per ton; that he was greatly endamaged, put to costs, etc. It appears that the defendant used the fertilizer he so received, and the jury found by their verdict that it was of the value of $32 per ton. They further found that the defendant had not suffered damage. The Court gave judgment in favor of the plaintiff for $320, interest and costs. The defendant demanded judgment in his favor upon the verdict, upon the ground that the jury found that the plaintiff did not deliver Peruvian guano. Both parties appealed. The Court gave the jury pertinent instructions, to which there was no exception by the defendant at the time of the trial, or after the verdict, or after the judg-

ment, until his statement of the case on appeal; and the exceptions stated, except one, were based upon the ground that the Court had failed to explain the law as applicable to the evidence as to the measure of damage.

*Mr. R. O. Burton*, for plaintiff.
*Mr. W. H. Day*, for defendant.

MERRIMON, C. J.—after stating the case : The Court gave the jury pertinent instructions, and if the defendant desired that they be modified, or that others in addition be given, he should have asked for the same at the time of the trial. It would be unreasonable, unjust and vicious practice to allow a party to complain after verdict and judgment (the Court having given the jury appropriate instructions), that it had failed to give possible instructions that it might and perhaps would have given if they had been called to its attention at the proper time. The law as to procedure and practice is just and very practical, and will not indulge possible or speculative objections, especially when not made appropriately or in apt time.

The charge of the Court as to the alleged damage to the crop of the defendant could not prejudice him, whether correct or not; it was favorable to the defendant, as he had offered no testimony upon that question.

The defendant was not entitled to judgment upon the ground that the plaintiff failed to deliver to him Peruvian guano, as it agreed to do. This action is not founded upon the original parol contract in that respect alleged by the defendant, but upon the latter's promissory note. The defendant alleges a counter-claim and seeks to recover damages from the plaintiff on account of its failure to deliver such guano according to the contract, and to set his recovery against the note sued upon. As the note grew out of the alleged contract in respect to the guano, the defendant might,

under the present method of civil procedure, allege his counter-claim and avail himself of his recovery, if any, as he seeks to do. His counter-claim is, in effect, a cross-action to recover damages from the plaintiff occasioned by its breach of the contract that gave rise to the note. The rights of the parties in such case may be settled in the same action *The Code,* § 244; *Iron Co.* v. *Holt,* 64 N. C., 335; *Lutz* v. *Thompson,* 87 N. C., 334; *Hurst* v. *Everett,* 91 N. C., 399; *Wilson* v. *Hughes,* 94 N. C., 182. We do not, however, mean to say that if the plaintiff had sued upon the original contract, and the defendant had received and used the inferior fertilizer, he could not recover the value of the latter. Any question in that respect is not now presented.

The plaintiff, in its appeal insists that it is entitled to have judgment for the amount of the note sued upon, upon the grounds that the defendant cannot avail himself in this action of his alleged counter claim, that he accepted and used the fertilizer sent to him, and that the jury found that he sustained no damage. We have just seen that the defendant might allege and have benefit of his counter-claim. It is true the jury found in response to one issue submitted to them, that the defendant sustained no damage. This seems to imply that he sustained no damage as to his crops; that the fertilizer received and used served as good a purpose as the "genuine Peruvian guano" would have done, if it had been sent by the plaintiff and used by the defendant. But the jury found, in response to another material issue, that the fertilizer so sent and used was worth but thirty-two dollars per ton. This is much less than the price per ton agreed to be paid for the Peruvian guano. The defendant did not agree to accept the cheaper fertilizer in lieu of it, and he was justly entitled to have the cheaper article at its fair market value; he might have gotten it at that price. The jury expressly found that the plaintiff failed to supply the Peruvian guano, but did supply a cheaper article.

The findings of the jury are not so direct, formal and regular as they should be, but the Court could readily learn from them the sum of money the plaintiff ought to recover; it did so, and this is sufficient.

What we have said disposes of both appeals.

Affirmed.