MACHINE CO. v. HILL.

(Filed October 4, 1904).

1. AGENCY—*Burden of Proof—Waiver—Principal and Agent—Contracts.*

   Where a contract for the sale of sewing-machines provided against the validity of parol agreements with agents, the burden was on a dealer, claiming a waiver of such provision, to show that the agent making the same had authority to do so.

2. AGENCY—*Contracts—Ratification.*

   Where a foreign sewing-machine company had paid a license tax authorizing it to sell machines anywhere within the state, and to employ an unlimited number of agents for that purpose, the fact that the company sent to a firm a duplicate license authorizing it to sell machines in F. county as the company's agent, after an unauthorized parol agreement had been made between such firm and the company's agent that the firm should be the company's sole agent in such county, did not constitute a ratification of the agent's agreement.

ACTION by the White Sewing-Machine Company against K. P. Hill & Son, heard by *Judge Frederick Moore* and a jury, at January Term, 1904, of the Superior Court of FRANKLIN County. From a judgment for the plaintiff the defendant appealed.

*T. W. Bickett* and *Pou & Fuller,* for the plaintiff.

*W. H. Yarborough, Jr.,* and *F. S. Spruill,* for the defendants.

CLARK, C. J. The defendants signed and sent to the plaintiffs an order for fifteen sewing-machines and a Perry wagon for a sum total of $260. On these orders was printed in plain type: "It is understood that no claim or any understanding or agreement of any nature whatsoever between

·this company and its dealers will be recognized, except such as is embraced in written orders or is in writing and accepted by said company at its office."

The above machines and wagon were shipped and received by the defendants, who set up as sole defense a counter claim that the same agent made a verbal agreement with them to have the sole agency for sale of the plaintiff's machines in Franklin County, and that they incurred considerable expense, employing an experienced salesman to handle the machines and purchased a horse and wagon for him, but that in violation of such contract the plaintiff shipped machines to said county to rivals in business of the defendants, who undersold the defendants, causing them to sell the machines bought of the plaintiff at a loss, besides causing the loss of salary paid their salesman and the cost of equipping themselves for the handling of the machines under their contract for an exclusive agency.

It is true on one hand that the plaintiff had the right to restrict the powers of its agents by the notice quoted above, and printed on the orders signed by the defendants, and on the other that this restriction could be waived. But the burden to prove that such waiver was within the scope of the agent's authority was upon the defendants. It could not be proved by the agent's own declaration. It must be proved *aliunde*. *Taylor v. Hunt,* 118 N. C., 173, and cases there cited; *Summerrow v. Baruch,* 128 N. C., 204.

The defendants attempted to prove a ratification, however, by the fact that the plaintiff sent them a duplicate license authorizing them to sell machines in Franklin County as the plaintiff's agent. But there is nothing in this license to suggest that it conferred, as the defendants contend, the sole agency for that county. The State had issued a license to the plaintiff, upon payment of the $350 tax required by the Revenue Act, to sell anywhere in the State, and the same sec-

136——9

tion provides that "every one to whom license shall be issued as provided in this section shall have power to employ an unlimited number of agents to sell the machines named in his license." The defendant firm was simply one of this "unlimited number" to whom a copy of the plaintiff's license was sent that the firm might sell undisturbed. There was nothing exclusive about it.

After carefully considering each of the defendant's exceptions, we do not deem that a discussion *seriatim* is requisite. The plaintiff's cause of action was not denied and there was no legal evidence to support the counter claim. The judgment is

Affirmed.