DR. SHOOP MEDICINE COMPANY v. J. A. MIZELL & CO.

(Filed 7 October, 1908.)

1. Contracts in Writing—Parol Evidence—"Vary and Contradict."

Evidence of an oral stipulation claimed to be made contemporaneously with a written contract, as a part thereof, is incompetent, when in conflict or at variance with the written part.

2. Same—Sale of Goods.

When a contract for the sale of goods is evidenced by a paper-writing, specifying that the order therefor is not subject to countermand, that they will be promptly received, on arrival, by the vendee, and that failure to do so will make payment due on demand, and that there is no agreement, verbal or otherwise, affecting the terms of the·order, parol evidence is inadmissible which tends to show a contemporaneous oral stipulation, intended to be a part of the contract, but not reduced to writing, that upon failure to sell, after making a reasonable effort, the vendee may return the goods to the vendor at the expiration of a period named.

3. Same—Omission to Read Contract.

Evidence in conflict or at variance with the·express terms of a written contract is not admissible upon the ground that the party thereto did not read the contract, when there is no sug-

gestion that he was prevented from reading it or that he was put off his guard by any fraud, artifice, deception or other wrongful act of the other party.

4. **Contracts in Writing—Parol Evidence—"Vary or Contradict"—Principal and Agent.**

It is incompetent to show that an agent of one of the parties to a written contract contemporaneously agreed with the other party, by parol, and as a part of the written contract, upon matters contradictory of and at variance with the express statement in writing that there was no such oral agreement.

5. **Contracts in Writing—Principal and Agent—Waiver by Parol—Burden of Proof.**

In order to establish a waiver, by parol, of the express terms of a written contract by an agent of one of the parties, the burden of proof is on the party seeking to establish it.

ACTION tried before *Lyon, J.,* and a jury, at June Term, 1908, of MARTIN.

This action was brought to recover the price of goods sold and delivered to the defendant under a written contract containing the following stipulation: "This order is not subject to countermand, and we will receive said goods promptly on arrival at the station named above. Failure to do so will make this order due on demand. There is no agreement, verbal or otherwise, affecting the terms of this order than is specified herein." The court, over the plaintiff's objection, permitted the defendant to testify that at the time he signed the written contract or order, the agent who sold the goods said he would ship them, and the defendant could keep them for ninety days, and if at the expiration of that time they were unsold he could ship them back to the plaintiff. The court charged the jury that, if the verbal agreement was made by the agent with the defendant, and the latter made a reasonable effort to sell the goods, and, not being able to do so, returned them to the plaintiff at the expiration of the ninety days, they should answer the issue as to the indebtedness in favor of the defendant. The plaintiff excepted to the ruling upon the evidence, and also to the charge. There was a verdict for the

148—25

defendant, and, a motion for a new trial by the plaintiff being overruled and judgment entered for the defendant, the plaintiff appealed.

*B. A. Critcher* for plaintiff.
·*S. A. Newell* for defendant.

WALKER, J.   The evidence as to the parol agreement at the time the written contract was executed was incompetent. It contradicted the plain terms of the written instrument, and it is not permissible to do this, even where there is a contemporaneous oral stipulation which was not reduced to writing, although intended to be a part of the contract.   The oral must not conflict with the written part of the contract. The subject is fully discussed by us in *Basnight v. Jobbing Co., ante,* 350, where the authorities will be found.   See, also, *Walker v. Venters,* next succeeding.   It would be useless to point out in what cases oral evidence is competent to fill out a contract, a part of which is in writing, or to explain the contract when ambiguous.   This case is governed by the general rule that such evidence will not be received where it contradicts or varies a written contract.   It is provided in the order that it is not subject to countermand and that there is no agreement, verbal or otherwise, affecting the terms of the order, which is the contract, except what is specified therein.   There is no doubt as to the true meaning of those words.   The jury, upon the evidence which was admitted by the court, changed that meaning radically and substituted for the contract, as written by the parties, another and different one.

The defendant testified that he did not read the contract, but signed it, supposing that it was drawn according to the oral understanding.   If he did not read it, the fault was his own.   He had the opportunity to do so, and his failure to avail himself of it was due solely to his own neglect.   He must suffer the consequences of this omission to do what any

prudent man would have done under the circumstances. There is no suggestion that he was prevented from reading the paper or was put off his guard by any fraud, artifice, deception or other wrongful act of the agent. *Dellinger v. Gillespie,* 118 N. C., 737 ; *Floars v. Insurance Co.,* 144 N. C., at p. 241. Those cases decide that he is bound by the written instrument.

But the evidence was incompetent on another ground: It was offered and admitted to show an oral agreement with the agent, which was contrary to the express statement in the contract that there was no such oral agreement. If the agent had the authority to make the oral agreement, the burden was upon the defendant to show it, even if evidence of such agreement was otherwise competent. *Machine Co. v. Hill,* 136 N. C., 128. There was no evidence of such authority introduced, and if this stipulation can be regarded as one forbidding the agent to make any agreement contrary to what is expressed in the contract, and therefore, one which could be waived, the principal would not be bound by what the agent did. But it is positively stated in the order, as we have said, that there is no agreement, verbal or otherwise, affecting the terms of the order, except the one expressed therein, and to this the defendant freely assented by signing the written instrument. The well-settled rule of the law forbids him now to show the contrary by oral testimony. It was therefore improper to admit the evidence to show that the goods were to be returned, at his option, if not sold within ninety days, as this clearly contradicts the express terms of the contract. *Moffitt v. Maness,* 102 N. C., 457.

New Trial.