JAMES R. WOODRIDGE v. M. C. BROWN, Executor, et al.

(Filed 2 December, 1908).

1. Appeal and Error—Instructions—Verdict, Directing—Exceptions —Broadside Exceptions.

A general exception to an instruction for the jury to find for the plaintiff upon the whole evidence is not too indefinite, or defective as a broadside exception.

2. Pleadings—Contract—Warranty—Counterclaim—Allegations.

Evidence tending to show a breach of warranty in a contract for the sale of goods is incompetent when the warranty was not specially pleaded.

3. Contracts—Warranty—Evidence.

The mere facts that the seller of merchandise knew the purpose for which it was purchased, and, at the time, said that the grade would do, and used for the purpose intended, does not constitute a warranty.

**4. Same—Quality of Merchandise.**

> In the absence of warranty of the grade of merchandise sold
> and delivered, evidence that the merchandise was of inferior
> quality is inadmissible, though the purchaser could not have
> ascertained that the quality was inferior except in its use.

**5. Same—Instructions.**

> It is not error in the trial Judge to instruct the jury to find
> for the plaintiff, upon the whole evidence, in an action upon
> contract for goods sold and delivered, when the only defense set
> up was by way of counterclaim for breach of warranty, the
> defendant having failed to allege and prove a breach of warranty.

ACTION tried before *Moore, J.,* and a jury, May Term,
1908, of CABARRUS.

This action was originally brought against R. A. Brown.
After the pleadings were filed, defendant died leaving a last
will and testament, and the present defendants, his executors,
were made parties. Plaintiff alleged that, between the 1st
day of August and the 9th day of October, 1906, he sold and
delivered to defendant's testator fourteen car loads of coal
at a stipulated price, which defendant's testator promised to
pay; that said coal was received and used by defendant's
testator. A statement showing amount, date and price of the
shipments was made a part of the complaint. Defendant's
testator admitted the sale and delivery of the coal and the
price thereof. He alleged, by way of defence to plaintiff's
demand, that five car loads of the coal "were of such inferior
quality and contained so large a per cent. of slate, that,
although he made every effort, he could not get the same
to burn in such a way as to furnish anything like the neces-
sary amount of heat for this purpose, that of burning brick;"
that he did not discover the inferior quality of the coal until
he used it; that it was practically worthless for defendant's
purpose; that, by reason of its inferior quality, the bricks
burned were soft, and that he was damaged to the amount
of $500. Plaintiff, by way of reply, denied the matter set
up as a defence. The only issue submitted to the jury was:
"Are the defendants indebted to the plaintiff and, if so, in

what sum?" No warranty of the quality of the coal was alleged, nor was any fraud or concealment charged. Evidence tending to sustain defendant's contention was admitted over plaintiff's objection. At the conclusion of the evidence the record contains this entry: "The evidence taken to show a warranty of the coal, and likewise the evidence taken to show that the coal was worth less than the contract price and of inferior quality, is refused, and the defendants except. Thereupon the defendants withdraw counterclaim and take a nonsuit as to the same." Plaintiff excepts. His Honor instructed the jury: "That the defendants are not entitled to recover any damages from the plaintiff on account of either the freight paid by their testator or the losses which it is alleged that he sustained, on account of the alleged unfitness of the coal for the purpose of burning brick. The defendants do not allege that the plaintiff expressly warranted the quality of the coal, and the law does not imply a warranty of the quality of an article of personal property sold. The defendants having admitted during this trial that their testator ordered the coal, that the contract price was, as stated, in the statement of account annexed to the complaint, that the coal was shipped by the plaintiff to the defendants' testator, the Court charges you, as a matter of law, that the plaintiff is entitled to recover in this action the contract price of the coal, and it is admitted that the contract price of the coal was $562.00, and that this sum bears interest from the 25th day of September, 1907, if it is due at all. Therefore, the Court charges you to answer the issue, 'Are the defendants indebted to plaintiff, and, if so, in what sum?' 'Yes, $562.00, with interest from the 25th day of September, 1906.'" Defendants excepted. Judgment for plaintiff. Defendants appealed, assigning, as error, refusal to admit competent testimony showing a warranty of the coal and that it was worth less than the contract price, and of inferior quality and value; for errors in the charge of the Court.

*Montgomery & Crowell* for plaintiff.
*L. T. Hartsell* and *M. B. Stickley* for defendant.

CONNOR, J., after stating the case: Plaintiff insists that the assignment of error, in respect to the charge, is too indefinite, coming within the definition of a "broad side exception" which the Court has uniformly held insufficient. In view of the fact that his Honor instructed the jury to find for the plaintiff upon the whole evidence, we think the exception well taken as to form.

It seems that, upon cross-examination of plaintiff's representative who took the order for the coal, defendants were permitted to show that defendants' testator told him that he was buying the coal to burn brick, and that the witness told him that this grade of coal would do so and that it was used for that purpose. Plaintiff objected, but the testimony was admitted. After the evidence was concluded his Honor struck it out. It was clearly incompetent to show a warranty, because no warranty was alleged in the answer, and for the further reason that, taken as true, it did not show that the quality of the coal was warranted, or that the grade of coal ordered would burn brick. While it is true, as uniformly held, that no specific form of words is necessary to constitute a warranty of soundness, yet there must be evidence that the seller, by some appropriate language, intended to make, and that the buyer understood that a warranty was being given. Again, it is not alleged that there was any fraud or deceit on the part of plaintiff, either in respect to the grade of the coal or its quality; nor did the rejected testimony tend to show any such element in the transaction. We are thus brought to consider the question whether, if alleged and proven, the fact that plaintiff knew the purpose for which the coal was to be used, entitled the defendant to a reduction in the price by reason of its being of an inferior quality. The exact question was presented and decided by this Court in *Dickson v. Jordan,* 33 N. C., 166. The defendants, who

were the owners of a ferry, purchased, by order, "seine rope" of plaintiff, informing them that it was to be used at their fishery. The rope sent was of the size and kind known as "seine rope." Defendants used it, but it proved to be of an inferior quality, repeatedly broke in drawing the seine and was unfit for use for fishing purposes. *Pearson, J.,* said: "It is a principle of the common law that no warranty of quality is implied in the sale of goods. *Caveat emptor.* In the absence of fraud, if the article be of bad quality, the purchaser has no redress unless he has taken the precaution to require a warranty." Further discussing the exceptions, he says: "His Honor was of the opinion that, in this case, there were two facts which furnished a sufficient ground for making an exception to the general rule. The plaintiffs knew the purpose for which the rope was intended and it was not present to be judged by the defendants. One, or both, of these facts might have been a very sufficient reason for requiring a warranty . . . . But we do not see how they can furnish a ground for the law to imply a warranty in favor of the defendants, when they neglected to take one for themselves." The learned Justice notes the further fact that the defendants did not have an opportunity to discover the inferior quality of the rope until they had used it and rejects the argument made by counsel that, from this fact, a warranty would be implied. The facts in that case strikingly illustrate the principle applicable here. The decision has been cited with approval. If the defendants had alleged that a grade of coal different from that contracted for had been sent, the plaintiff would have failed in his action upon an express contract for a stipulated price, and, if the coal had been used by defendant, would have been driven to sue as for a *quantum valebat* on the "common count," when defendant would have been entitled to show the real value of the coal. *Waldo v. Halsey,* 48 N. C., 107. In *Guano Co. v. Tillery,* 110 N. C., 29, the plaintiff contracted to sell defendant "Peruvian Guano."

Defendant, not knowing that the article was not so, used it. The Court held that he was only liable for the actual value of the article sold and used. In *Lewis v. Rountree,* 78 N. C., 323, defendant sold plaintiff "strained resin." It turned out that the resin delivered was not "strained," this being a well-known grade of resin in the market. Held, that defendant was liable. When an article is manufactured for a specific purpose, the law will imply a warranty that it is fit for such purpose. *Thomas v. Simpson,* 80 N. C., 4. In *Love v. Miller,* 104 N. C., 582, the contract was to sell cotton to be of "average grade of low middling," etc. Held, a warranty that it would come up to the description. In *Reiger v. Worth,* 130 N. C., 268, the contract was to sell "good seed rice." Held, a warranty. *Critcher v. Porter McNeal Co.,* 135 N. C., 542; *Allen v. Tompkins,* 136 N. C., 208. The only defence set up in this case, and the only one which the testimony tended to show, was that the coal was of inferior quality. This can only be guarded against by a warranty. His Honor therefore correctly rejected the testimony and instructed the jury. We have discussed the defendants' appeal as if the proper allegations were made. In no point of view can the exceptions be sustained. We do not pass on plaintiff's exception to defendants' withdrawal of their counterclaim. It is not presented. There is

No error.