J. I. CASE THRESHING MACHINE COMPANY v.
C. L. McCLAMROCK et al.

(Filed 27 April, 1910.)

1. **Contracts—Personal Property—Sale Without Warranty.**

   Personal property may be sold with or without warranty, and a warranty cannot be implied from a written contract of purchase expressly stipulating that the property was not warranted.

2. **Same—Written Contracts—Variance—Evidence—Principal and Agent—Representations of Agent.**

   Vendees of a certain machine, who could read and write and were afforded full opportunity to read a written contract of purchase voluntarily executed by them without fraudulent inducement or device of vendor, cannot show that vendor's agent by parol warranted the machine, or that it was not a second-hand machine, when it expressly and clearly appears that the contract was for the sale of a second-hand machine, that it was not warranted, and that the agent was without authority to vary its written terms.

3. **Same—Satisfaction—Fraud—Evidence.**

   Parol evidence that the sales agent of a feeder for a threshing machine warranted the feeder in a sale to the plaintiffs, and

that his representations thereof were false, is not sufficient upon the question of fraud, when it appears that the purchase was made under a written contract expressly setting out that the feeder was second-hand and not warranted, that the salesman had no authority to vary these terms, and that after the feeder had been attached to the thresher and demonstrated and used, the plaintiffs signed a "satisfaction slip" to the effect that they were well pleased, and that it was satisfactory.

APPEAL from *Long, J.,* at October Term, 1909, of DAVIE.

Civil action tried on appeal from a judgment of a justice of the peace.

The plaintiff sued on three notes: two of $40 each and one of $33.25, executed by defendants on 16 July, 1906, for the purchase price of a second-hand self-feeder for a separator. The contract of purchase was in writing, was signed by the two defendants, and contained, among other stipulations, the following: "As a condition hereof, it is fully understood and agreed that said machinery is purchased as second-hand, and not warranted." The contract, in bold type, at its beginning has the following words: "J. I. Case Threshing Machine Company, Second-hand Machinery Order." On its margin, in bold type, it contained the following notice: "No person has any authority to waive, alter or enlarge this contract, or make any new or substituted or different contract, representation or warranty. Mechanics and experts are not authorized to bind the company by any act, contract or statement." Both defendants can read and write, and admitted signing the order, the notes and the chattel mortgage. The machine came and was attached and operated, and after seeing it operated, the defendant admitted signing the following "satisfaction slip":

MOCKSVILLE, N. C., 16 July, 1906.

J. I. CASE THRESHING MACHINE COMPANY,

*Racine, Wisconsin.*

GENTLEMEN:—Your Mr. F. D. Halcomb has rendered us the desired assistance in operating the machinery recently purchased from you, and we are well pleased and satisfied with same, Self-feeder, No. 6629.

Yours truly,

L. M. McCLAMROCK,
C. L. McCLAMROCK.

The defendant C. L. McClamrock, on his cross-examination as a witness, stated that he and his father signed the satisfaction slip; that his father stated that he was satisfied; that he (wit-

ness) was satisfied; that it was working all right. The defense set up by the defendants was that they thought they were buying a new, not a second-hand, machine; that the agent of plaintiff stated, upon the arrival of machine, that it was new, though they had copy of the contract order; that the machine did not work well and damaged the machine to which it was attached. This constituted the fraud relied upon by defendants to defeat recovery. At the conclusion of the evidence, his Honor ruled that he would instruct the jury that, upon all the evidence, if believed by them, the plaintiff was entitled to recover, and the jury thereupon answered the issue of indebtedness, the only issue submitted, in favor of plaintiff, and defendants appealed from the judgment entered against them.

*McLaughlin & Nicholson* for plaintiff.
*E. E. Raper* and *Jacob Stewart* for defendant.

MANNING, J., after stating the case: The only exception presented by the record is the correctness of his Honor's ruling. We concur in his ruling. The defendants admitted the execution of the notes sued upon and the chattel mortgage given to secure their payment. The execution by them of the contract, pursuant to which the notes and mortgage were executed, was likewise admitted. This contract expressly stipulated that the machine purchased was a second-hand machine, and was not warranted. It was entirely competent for the parties to so stipulate in their contract. The defendants retained a copy of the contract, and it expressly warned them of the limitation of the power of an agent of plaintiff to vary its terms by parol. The record states that both the quality of the machine as second-hand and the limitation upon the agent's authority to vary the terms were printed in bold type. Apart from this, the defendants could read, and no trick or device was resorted to to prevent them from reading it.

It cannot admit of doubt that personal property may be sold with or without warranty, and that from an express stipulation that the property is not warranted a warranty will not be implied. *Woodridge v. Brown,* 149 N. C., 299. To sustain the defense of defendants, that the agent said the machine was a new machine and not a second-hand machine, and that its quality was good, would be, in terms, to contradict the express stipulations of the written contract by the parol promises of an agent expressly unauthorized to make any change or alteration, and in particulars about which the written contract speaks in unambiguous terms. *Woodson v. Beck,* 151 N. C., 144; *Walker*

*v. Cooper,* 150 N. C., 128; *Walker v. Venters,* 148 N. C., 388. In *Woodbridge v. Brown, supra,* this Court held (see headnote 4): "In the absence of warranty of the grade of merchandise sold and delivered, evidence that the merchandise was of inferior quality is inadmissible, though the purchaser could not have ascertained that the quality was inferior except in its use"; and that this is true, though the seller knew the purpose for which it was to be used. *Dickson v. Jordan,* 33 N. C., 166.

The fraud and misrepresentation alleged in the answer were that "plaintiff represented said feeder to be a new one and suitable to work on the threshing machine of defendants, and it would warrant the same," and that these representations were not true. We have examined the evidence and we do not think it sustains the allegations, or that, viewed in its most favorable aspect for the defendants, it supported the allegations. After the self-feeder had been attached to the threshing machine and had been operated, defendants not only expressed their satisfaction, but signed the "satisfaction slip" set out in the preceding statement of the case.

The evidence failing altogether to support the defense, it was proper for his Honor to instruct the jury as he did. *Woodridge v. Brown, supra.* In addition, the contract contained this express stipulation: "Acceptance by purchaser is a full waiver of all claims arising from any cause." Having carefully examined the entire record and the authorities cited, we discover no error in the ruling of his Honor, to which exception was taken, and the judgment is affirmed.

No error.