C. N. SIMPSON, JR., v. R. M. GREEN & SONS.

(Filed 13 November, 1912.)

**Contracts, Written—Vendor and Vendee—Principal and Agent—Parol Evidence—Technical Breach of Contract—Substantial Recovery.**

    Upon an action for damages for breach of contract in the sale of a soda fountain, it appears that the plaintiff signed a written contract of purchase requiring that the trimmings of the fountain should be shaded green, and among others it contained the stipulation that "the sole authorized business of our agents is to solicit contracts on this printed form, and no agreement or representation will be recognized by us unless it is written hereon": *Held,* the plaintiff having accepted and used the fountain for several months, cannot maintain his action upon the ground that a certain part did not come up to the verbal representations of the vendor's selling agent; and, further, the fact that the trimmings of the fountain were white, instead of green, on the evidence presented, was only a technical breach of the contract, and did not afford a basis for a substantial recovery.

APPEAL by plaintiff from *Justice, J.,* at August Term, 1912, of UNION.

Civil action heard on appeal from a justice's court, to the Superior Court of Union County.

At close of testimony, on motion, there was judgment of non-suit, and plaintiff excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Redwine & Sikes for plaintiff.*
*Stack & Parker for defendant.*

HOKE, J. From the facts in evidence, it appears that defendant sold and conveyed to plaintiff, under a written contract, dated 21 December, 1910, and containing full specifications, a soda fountain, with usual fixtures, etc. The same was installed on 23 March, 1911, and has been used by plaintiff since that date; that some cash, $100, was paid on execution of contract; $200 more on arrival of goods, and, in order to get bill of lading for same, remainder of purchase price was evidenced by plaintiff's notes, payable monthly, and these notes seem to have been paid at the time of action brought; that on 21 August, 1911, plaintiff instituted present suit for damages for breach of contract, claiming that the fountain did not come up to specifications and charging that the carbonator was not of the kind described, nor the trimmings of the counter; the contract requiring that these trimmings should be shaded green, and they proved to be white. The written contract contained, among others, the following stipulation: "The sole authorized business of our agents is to solicit contracts on this printed form, and no agreement or representation will be recognized by us unless it is written hereon." Having accepted and used the fountain for several months, the plaintiff must be considered as holding it under the terms of the contract, and a perusal of the testimony will disclose that plaintiff rests his principal grievance, not on the ground that the carbonator differs from the specifications of the contract, but that the same does not come up to certain verbal assurances of defendant's agent, made at the time of sale and not contained in the written agreement between the parties. Under the written stipulation, above quoted, these verbal assurances constitute no part of the contract, and our authorities are to the effect that they may not

be considered in an action for its breach. *Machine Co. v. Mc-Clamrock,* 152 N. C., 405; *Medicine Co. v. Mizell,* 148 N. C., 384. On the question of the white and green trimmings, the evidence as to pecuniary injury is entirely too indefinite to be made the basis of any substantial recovery, and any technical breach of the contract in this respect should, in our opinion, be treated as waived. See *Parker v. Fenwick,* 138 N. C., 209. There is no error, and the judgment directing a nonsuit is

Affirmed.