CABLE PIANO COMPANY v. ARCHIE H. STRICKLAND.

(Filed 8 October, 1913.)

**1. Contracts, Written—Varied by Parol—Principal and Agent—Special Agent—Evidence.**

One acting as sales agent for a piano company is not a general agent, and his authority to make any change from the written contract, signed by the purchaser, in direct contradiction of the conditions printed thereon in bold-face type, must be specially shown.

**2. Same—Trials—Instructions.**

The declarations of an agent for the sale of pianos, that he had special authority to alter by parol the printed form of his sales contract, contrary to its express provision, are incompetent as evidence of his special authority to do so; and where a balance is admitted to be due under the written contract sued on, except for a claim made by the buyer arising from an agreement of this character resting in parol, the jury should be instructed to answer the issue in favor of the plaintiff if they believe the evidence.

APPEAL by plaintiff from *Lyon, J.,* at February Term, 1913, of SAMPSON.

This is an action to recover possession of a piano. Defendant admitted his signature to the contract of sale, which retained title to the piano until the purchase price was paid in full, but aver that plaintiff's selling agent, S. A. Kell, agreed with him at the time of the sale that if the piano came up to Kell's representations, and Strickland gave him a letter of recommendation, that he would credit the note with $50 when it became due. Defendant paid the balance except $50 due at the time of the

payment, and tendered the recommendation. The written contract contains the following clause in bold type: *"It is expressly agreed that the Cable Piano Company is not to be bound by any provisions other than those printed in the contract, unless the same shall be approved by the Cable Piano Company at——.* This contract subject to the approval of the Cable Piano Company," and the following indorsed thereon:

"NOTICE.—This conditional contract is subject to the approval of the Cable Piano Company at Richmond, Va., and contains all the agreements pertaining thereto. No agent or salesman is authorized to make any alterations herein, to vary in any way the interest clause, nor to give copies thereof not bearing the approval of the Cable Piano Company at Richmond, Va. Factory warranties do not include tuning."

The officers of the plaintiff testified that Kell had no instructions to make any such contract, nor any such authority; that they did not know nor had there been reported to the company any such contract as claimed by the defendant. That the contract approved by the company was the written one, without change.

There was no evidence on the part of the defendant tending to prove authority in Kell to make the agreement alleged by the defendant.

The plaintiff excepted to the introduction of all evidence offered to prove the agreement with Kell.

The defendant alleged in his answer, among other things: "That at the end of the period agreed upon, to wit, on 26 September, 1909, the defendant, finding that said piano came up to the recommendations of said Kell, and was in fact a very desirable instrument, came to Clinton, paid to said Kell the sum of $114.80, the same being the balance due on said contract, less the sum of $50 and delivered to said agent a written testimonial in full accordance with the agreement hereinbefore stated, and demanded his contract and receipt in full for said payments. That said Kell accepted said payment and said testimonial, but refused to deliver to the defendant the contract signed by him, claiming that the same was at Richmond, Va., the home office of the plaintiff."

His Honor charged the jury: "If you find from the evidence that at the time of signing the written contract, or before that time, plaintiff's agent, S. A. Kell, acting in the scope of his authority, promised defendant to deduct the sum of $50 from the price of the piano and to credit that sum on the contract, provided that defendant would make the recommendation that the piano bought was a good one and up to the representations, then you will answer the first issue 'No,' the second 'Yes,' issue 1½ 'Yes.'" The plaintiff excepted.

The second issue and the answer thereto were as follows:

"2. Did the plaintiff's agent, S. A. Kell, while acting within the scope of his authority, promise and agree to deduct the sum of $50 from the price of the piano, provided the defendant would make the recommendation referred to in the answer? Answer: Yes."

The plaintiff requested his Honor to instruct the jury, if they believed the evidence, to answer the second issue "No," which was refused, and the plaintiff excepted.

There was a verdict in favor of the defendant, and the plaintiff appealed from the judgment rendered thereon.

*Faison & Wright for plaintiff.*
*H. A. Grady for defendant.*

ALLEN, J. The agent from whom the defendant bought the piano was not a general agent of the plaintiff, and the burden was, therefore, on the defendant to prove that he had authority to waive the provisions of the written contract.

It was so held in *Machine Co. v. Hill,* 136 N. C., 128, and in *Medicine Co. v. Mizzell,* 148 N. C., 387.

In the first of these cases the plaintiff was suing upon a contract for the sale of sewing machines, which contained the provision: "It is understood that no claim or any understanding or agreement of any nature whatsoever between this company and its dealers will be recognized, except such as is embraced in written orders or is in writing and accepted by said company at its office," and the defense was that the agent who made the sale made a verbal agreement with them to have the sole agency for sale of the plaintiff's machines in Franklin County, and that

they incurred considerable expense, employing an experienced salesman to handle the machines and purchased a horse and wagon for him, but that, in violation of such contract, the plaintiff shipped machines to said county to rivals in business of the defendants, who undersold the defendants, causing them to sell the machines bought of the plaintiff at a loss, besides causing the loss of salary paid their salesman and the cost of equipping themselves for the handling of the machines under their contract for an exclusive agency, and the Court said: "It is true, on one hand, that the plaintiff had the right to restrict the powers of its agents by the notice quoted above, and printed on the orders signed by the defendants, and, on the other, that this restriction could be waived. But the burden to prove that such waiver was within the scope of the agent's authority was upon the defendants. It could not be proved by the agent's own declaration. It must be proved *aliunde. Taylor v. Hunt,* 118 N. C., 173, and cases there cited; *Summerrow v. Baruch,* 128 N. C., 204."

In the second case the action was brought to recover the price of goods sold and delivered to the defendant under a written contract containing the following stipulation: "This order is not subject to countermand, and we will receive said goods promptly on arrival at the station named above. There is no agreement, verbal or otherwise, affecting the terms of this order, other than is specified herein." The court, over the plaintiff's objection, permitted the defendant to testify that at the time he signed the written contract or order the agent who sold the goods said he would ship them, and the defendant could keep them for ninety days, and if at the expiration of that time they were unsold, he could ship them back to the plaintiff. This Court held the evidence incompetent, and said: "If the agent had the authority to make the oral agreement, the burden was upon the defendant to show it, even if evidence of such agreement was otherwise competent. *Machine Co. v. Hill,* 136 N. C., 128."

The last case of *Medicine Co. v. Mizzell* has been approved in *Woodson v. Beck,* 151 N. C., 146; *Briggs v. Insurance Co.,* 155 N. C., 78; *Bowser v. Tarry,* 156 N. C., 38, and *Simpson v. Green,* 160 N. C., 301.

It follows, therefore, as there was no evidence of authority upon the part of the agent to waive the provisions of the written contract and to make the oral agreement, that his Honor was in error in refusing the instruction prayed for, and in assuming in his charge that there was evidence of authority by the agent.

A new trial is ordered.

New trial.