### J. B. COLT COMPANY v. MRS. O. R. TURLINGTON.

(Filed 27 September, 1922.)

**1. Contracts, Written—Effect of Signature of Party—Vendor and Purchaser.**

One having signed a written contract is presumed to have read and agreed to it, and ordinarily is bound by its terms.

**2. Same—Parol Evidence—Evidence—Trials.**

Where the purchaser has signed with the vendor's selling agent a contract for the sale of goods, in this case a heating and lighting plant, naming the contract price in a certain sum, restricting the terms of the contract to those therein stated, and expressly excluding any representation the agent may make not included in its written terms, parol evidence on the purchaser's behalf, in the absence of fraud or other equitable defense that would avoid the contract, tending to show that the agent, as a part of the consideration, had agreed for his principal, that the price named included other obligations of the principal, in this case the installation of the plant, is incompetent as contradicting the terms of the writing.

**3. Same—Waiver—Burden of Proof.**

Where the purchaser is excluded by the written terms of his contract from showing, by parol evidence, other obligations the agent of the seller

had agreed to for him, as principal, the burden of proof is on him to show that the agent had a right to waive the written terms of the contract, if he relies thereon as a defense in an action brought to recover the contract price.

APPEAL by plaintiff from *Calvert, J.,* at February Term, 1922, of HARNETT.

On 4 October, 1917, the parties entered into a written contract for the purchase by the defendant of a heating and lighting plant. The plaintiff brought suit to recover the contract price of $206.25, with interest. The defendant admitted the execution of the written instrument, and alleged that the plaintiff verbally contracted to install the system at her home and had failed and refused to do so. Under an instruction of the court to answer the first issue nothing if they found the facts to be as testified to, and to consider the evidence as to the second, the jury found that the defendant was not indebted to the plaintiff, and that the plaintiff was indebted to the defendant in the sum of $8.26—$5.26 for freight and $3 for hauling the plant from the station to the defendant's house. From the judgment rendered the plaintiff appealed.

*Young, Best & Young for plaintiff.*
*Clifford & Townsend for defendant.*

ADAMS, J. The defendant admitted the execution of the written contract, which was introduced in evidence. Among other stipulations therein are these: "This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by one of the officers of said company; it being understood that this statement, upon such acceptance, covers all of the agreements between the purchaser and the company, and that no agent or representative of the company has made any statement or verbal agreement modifying or adding to the terms and conditions herein set forth. It is further understood that upon acceptance of this order, the contract so made cannot be canceled or revoked by either party, nor may it be altered or modified by any agent of the company, or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers." The defendant did not allege fraud or mistake, or any other equitable defense in her answer, but alleged only the plaintiff's breach of contract to install the machinery. For the purpose of showing such breach, the defendant was permitted to offer proof that the plaintiff's agent delivered to her an unsigned paper-writing and told her it was a copy of the written contract; and that this paper contained the item, "Installing, $35," which is not in the original order. She was permitted

to introduce also certain of her letters addressed to the plaintiff charging it with a breach of contract in failing to set up the generator and appliances at her dwelling. To the admission of this evidence the defendant excepted.

The exception, in our opinion, should have been sustained. The defendant has not alleged that she is entitled to the cancellation of her contract on the ground that she was deceived by the plaintiff's agent, and thereby lulled into security. Having signed the contract, she is presumed to have read it, and is bound by its terms. *Dellinger v. Gillespie,* 118 N. C., 737; *Griffin v. Lumber Co.,* 140 N. C., 520; *Medicine Co. v. Mizell,* 148 N. C., 384; *Leonard v. Power Co.,* 155 N. C., 17; *Taylor v. Edmunds,* 176 N. C., 327.

Since the defendant is bound by her written contract, it is apparent that she cannot offer evidence to alter, vary, or contradict its provisions. She expressly stipulated that her written order should cover all the agreements between her and the plaintiff, and that the agent neither had made nor should make any verbal agreement modifying or adding to its contents. If the agent gave her an unsigned paper with a stipulation not appearing in the contract she had executed, the plaintiff was not bound by the agent's unauthorized agreement, because not only was the agent's authority limited, but the defendant in express terms assented to the limitation. It is true that a restriction on an agent's powers ordinarily may be waived; but even then the burden rests on the party claiming the waiver to show that it was within the scope of the agent's authority, and it must be shown, not by the agent's declaration, but *aliunde.* In the case at bar the language used in *Medicine Co. v. Mizell, supra,* may appropriately be employed: "But it is positively stated in the order that there is no agreement, verbal or otherwise, affecting the terms of the order, except the one expressed therein, and to this the defendant freely assented by signing the written instrument. The well settled rule of law forbids him now to show the contrary by oral testimony." *Moffitt v. Maness,* 102 N. C., 457; *Taylor v. Hunt,* 118 N. C., 168; *Walker v. Venters,* 148 N. C., 388; *Basnight v. Jobbing Co.,* 148 N. C., 350; *Walker v. Cooper,* 150 N. C., 129; *Woodson v. Beck,* 151 N. C., 145.

For error in the admission of incompetent evidence, the plaintiff is entitled to a new trial. Let this be certified.

New trial.