## J. A. FAY & EGAN COMPANY v. G. EDWARD CROWELL.

(Filed 22 November, 1922.)

1. **Vendor and Purchaser—Contracts—Warranties—Return of Goods— Fraud—Principal and Agent—Evidence—Burden of Proof.**

   Where the purchaser of machinery under a written contract has agreed that if he did not return the machine within thirty days it was to be regarded as an acceptance, shutting off all warranties, expressed or implied, and defends an action to recover the purchase price on the ground that the selling agent had fraudulently induced him, by his promise, upon which he relied and acted, not to return the machine within that time, the burden is on the defendant to establish the false representations, and that the plaintiff's agent was authorized to make them, by evidence *aliunde*, the agent's declarations, and his demurrer to the complaint is properly overruled.

2. **Same—Declarations—Evidence Aliunde.**

   While a vendor of goods may subsequently waive the stipulations of warranty in the written contract of sale, made in its behalf, the burden of proof is on the purchaser relying thereon to show that plaintiff's agent had the authority from his principal to waive these stipulations, either expressly or implied from the character of the agency.

**3. Pleadings—Amendments—Courts—Discretion—Appeal and Error.**

It is within the sound discretion of the trial judge to allow amendments to pleadings, which will not be reviewed in the Supreme Court, when there is no suggestion that he had abused the discretionary powers he has exercised. C. S., 547.

APPEAL by plaintiff from *Ray, J.,* at October Term, 1922, of STANLY.

Civil action to recover balance due on ten promissory notes executed by the defendant and delivered to the plaintiff for a certain quantity of mill machinery.

Defendant admitted the execution of the notes and contract, but set up in his amended answer that by the false and fraudulent representations and promises, made by plaintiff's sales manager, he was induced to keep said machinery to his injury, beyond the 30-day period, allowed in the contract of purchase for its return in case of rejection, and that therefore said stipulation in regard to the return of said property has been waived.

Plaintiff demurred to the allegations set out in the defendant's amended answer, and from an order overruling said demurrer, plaintiff appealed.

*Sinclair, Dye & Clark for plaintiff.*
*R. L. Smith & Son for defendant.*

STACY, J.   This case was before us at the Fall Term, 1921, and is reported in 182 N. C., 532.   We held there, upon the record as presented on the first appeal, that the plaintiff was entitled to a directed verdict for the balance due on the unpaid notes.   When the cause went back and was again reached for trial, the defendant was allowed to amend his answer and to set up, by way of recoupment, set-off or counterclaim, an allegation to the effect that during the 30-day period within which said machinery was to be tested and returned, if not satisfactory and as represented, the plaintiff's sales manager falsely and fraudulently assured the defendant that said machinery would be made good, and any and all defects remedied by the plaintiff.

Defendant avers that he relied upon said verbal assurances, inducements and representations, believing them to be true, and for this reason did not return the machinery within the time required by the contract, and he now contends that on account of such fraud and deceit this provision of the contract has been waived by the plaintiff, and that he, the defendant, is no longer required to observe the stipulation in regard to the time limit for returning the machinery.

The clause in the contract here referred to is as follows: "And that a retention of the property forwarded, after 30 days from its arrival at

destination, shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the consignor, and a fulfillment of all its contracts of warranty, express or implied."

We will not review the action of the trial court in allowing the defendant to amend his answer in the manner as indicated, for this was a matter resting in his sound discretion. C. S., 547. There is no suggestion of any abuse of discretion. *Brewer v. Ring and Valk,* 177 N. C., 485.

In the case of *Randall v. J. A. Fay & Egan Co.,* 158 Mich., 630, it was held that the identical clause in the contract now before us, with respect to a retention of the property for a period of 30 days, being made, as it was, for the benefit of the seller, could be waived by a duly authorized agent of Fay & Egan Company (defendant there, plaintiff here), agreeing, as he did in that case, within the 30-day period, to remedy all defects and to make the machinery in question satisfactory to the purchaser, which was not done. The agent there in question was a state agent, or, as described by the company, a "Michigan agent."

In the case at bar we have the additional allegation that such promises were fraudulently made, and that the defendant relied upon them to his hurt, etc. We are not now interested in whether the defendant can make good his allegations with proof. At present they stand on demurrer. And it would seem that a "sales manager" would presumably have sufficient authority to waive the stipulation in question; but, as to the authority of the agent, the defendant must assume the burden of proof. This may not be shown by declarations of the agent himself, but it must be established by evidence *aliunde. Piano Co. v. Strickland,* 163 N. C., 250; *Medicine Co. v. Mizell,* 148 N. C., 384; *Machine Co. v. Hill,* 136 N. C., 128.

This general rule in regard to the waiver of such stipulations has been recognized by us in a number of cases. *Bland v. Harvester Co.,* 169 N. C., 420; *Fairbanks v. Supply Co.,* 170 N. C., 315. This last case contains an elaborate discussion of the whole subject, with full citation of authorities by *Associate Justice Walker.* See, also, 24 R. C. L., 252; 35 Cyc., 440; note 50, L. R. A. (N. S.), 796.

Construing the allegations of the answer in a favorable light for the pleader (C. S., 535), we think the demurrer was properly overruled.

Affirmed.