BANK v. MOORE.

(Filed May 26, 1905.)

## *Action on Note—Defenses—Parol Evidence.*

Where the defendant executed his note and received a valuable con-
  sideration therefor, the detense that there was an understanding
  and agreement at the time that payment should never be en-
  forced or demanded, is not open to him, parol evidence being in-
  competent to contradict or modify the written contract.

ACTION by Western Carolina Bank and W. W. Jones, Re-
ceiver against C. B. Moore, heard by *Judge Fred Moore* and
a jury, at the March Term, 1905, of the Superior Court of
BUNCOMBE County.

W. W. Jones, Receiver of The Western Carolina Bank
having found the note of defendant, to the amount of $600
among the assets of the bank, instituted this action against
defendant, alleging that the note sued on belonged to the
bank and was due and unpaid.   The defendant answered and
denied that the note belonged to the bank and by way of
further defense averred that on or about the 22nd day of
February, 1897, he was approached by one Lewis Maddox,
at that time president of the Western Carolina Bank, who
stated to him that J. E. Reed, who was the father-in-law of
the defendant and a director of said bank, was largely in-
debted to said bank and that the bank had been criticised by
the public and others interested in the affairs of the bank
because of said fact—that is because said Reed, being such
debtor, was also a director of the bank; that he (Maddox)
and Reed had agreed together that the defendant should form-
ally take an assignment of the stock which said Reed then
held in the bank, to-wit, $500 of the same, and the defendant
should formally execute his note payable to Reed therefor;
"that new stock should be formally issued to the defendant
in place of the stock of said Reed, and that said note and

138——34

said stock should be held by said bank, but that the same, the said note, should never be collected or presented for payment, and that said stock, although issued to the defendant, should be considered and remain the property of the said J. E. Reed; that said Reed should resign as such director in said bank, and that this defendant should formally become a director thereof in his place."

"That thereupon this defendant, believing said transaction innocent in itself, and that thereby he would subserve the interest of said bank and of the said J. E. Reed, his father-in-law, he consented to make said note upon said terms and did then and there sign the same and deliver it to said bank through the said Maddox, its president, upon the terms and understanding stated in the first paragraph of this further defense; and the said note was held by said bank and said receiver took the same, if he took it all, and still holds it, upon said terms above set forth."

"Wherefore, this defendant demands judgment that the said note be delivered up for cancellation and that he go hence without delay and recover of the plaintiff his reasonable costs in this action behalf incurred."

There was evidence that the defendant's father-in-law, J. E. Reed, now dead, had been a stockholder and director in the bank and had borrowed a large sum of money which he still owed and the management of the bank was being criticised by reason of the loan of so much money to one of its directors. It was thereupon determined, at the suggestion of the president, that Reed should sell his stock to defendant, resign as director and the defendant should become director in his place. In pursuance of this arrangement Reed surrendered his stock and same was cancelled and a new certificate was issued in the name of the defendant and the defendant executed the note sued on to J. E. Reed and both note and stock certificate were left with the bank.

The defendant having thus become a stockholder was

elected director instead of Reed and qualified as such and served from February, 1897, to October of the same year; then the bank suspended. The defendant took part as director in the bank management, was present at the meetings and received pay for his services as director. This note and stock certificate were found with the assets of the bank, marked as collateral to Reed's indebtedness and had been reported as part of the bank assets during the year the defendant served as director. The defendant testified that all this was only a formal arrangement and that it was understood and agreed at the time the note was signed by him and left with the president of the bank that payment of his note should never be enforced, and that the stock was left with the bank as the property of Reed. The president of the bank testified that there was no such arrangement, but that Reed sold his stock to the defendant who executed the note sued on, pledging the stock issued to him to secure his note and that both note and stock were placed by Reed with the bank as collateral for Reed's indebtedness.

On issues submitted the jury rendered a verdict that the bank was the owner of the note and that it agreed at the time the note was executed that the defendant should not be liable thereon, as alleged in the answer. On the rendition of the verdict the plaintiff moved for judgment for the amount of the note and interest, which was refused and the plaintiff excepted. There was judgment for the defendant and the plaintiff excepted and appealed.

*Charles E. Jones* for the plaintiff.
*Moore & Rollins* for the defendant.

HOKE, J. The court is unable to perceive anything in the allegations or testimony which shows or tends to show a valid defense to this demand. It appears from the answer and the evidence that the defendant executed the note sued

on to his father-in-law, J. E. Reed, for his stock in the bank and received the consideration. By virtue of his agreement and the note the defendant became a stockholder in the bank, qualified and served as a director, taking part in the bank's management and receiving pay for his services. During that time, this note was reported as part of the assets of the bank and the jury have decided that same belonged to the bank. The only defense attempted amounts in substance to this: That though the defendant executed his note and received a valuable consideration for same, there was an understanding and agreement at the time that payment should never be enforced or demanded. All the authorities are agreed that such a defense is not open to the defendant. In *Meekins v. Newberry*, 101 N. C., 18, it was said by *Merrimon, J.*: "It is a settled rule of law that when the parties to a contract reduce the same to writing, in the absence of fraud or mutual mistake properly alleged, parol evidence cannot be heard to alter or contradict or modify it."

And by *Smith, C. J.*, in *Ray v. Blackwell*, 94 N. C., 10, "It is a settled rule, too firmly established in the law of evidence to need a reference to authority in its support, that parol evidence will not be heard to contradict or alter the terms of a contract put in writing and all contemporary declarations and understandings are incompetent for such purpose." "The cases," said the *Chief Justice*, "which are apparently to the contrary do not contravene this rule, but rest upon the idea that the writing does not contain the contract but is part execution of it." The decisions here and elsewhere are uniformly to the same effect. *Moffitt v. Maness*, 102 N. C., 457; *Nickelson v. Reves*, 94 N. C., 559; *Bank v. Tisdale*, 84 N. Y., 655; *Hirsch v. Oliver*, 91 Ga., 554; *Forsythe v. Kimball*, 91 U. S., 291.

The principle is so familiar that citation of authority is not required, but the decisions are noted by reason of the marked similarity of some of them to the case before us.

The jury having declared by their verdict on the first issue that plaintiff is the owner of the note sued on and there being nothing in the further defense or the testimony which tends to establish a legitimate defense, the court is of opinion that the plaintiff is entitled to a judgment for the note and interest notwithstanding the verdict on the second issue and his motion to that effect should have been allowed. *Ward v. Phillips,* 89 N. C., 215; *Corp. Com. v. Railroad,* 137 N. C., 1.

Let this be certified to the end that judgment be entered in favor of plaintiff for the note and interest.

Error.