### A. S. WALKER v. HENRY C. VENTERS.

(Filed 7 October, 1908.)

1. **Contracts in Writing—Mortgagor and Mortgagee—Parol Evidence—Contradiction.**

    When the vendee of lands has mortgaged them back to the vendor to secure the purchase price in a sum named, and it is expressly stated in the mortgage that a certain number of bales of cotton, weighing 500 pounds each, should be paid in lieu of said sum, at certain times extending over a period of ten years, the notes secured by the mortgage specifying that payment has to be made in cotton accordingly, evidence is incompetent of a parol agreement, made at the time of the execution of the mortgage, that in event of payment in full at any one time, or of foreclosure, the specified amount was to be paid in money at plaintiff's option, as such would be a contradiction by parol evidence of the terms of a written instrument.

2. **Contracts—Crop Payments—Mortgagor and Mortgagee—Measure of Damages—Interest.**

    When, under the express terms of a written contract, the purchase price for certain lands was to have been paid in cotton in certain amounts and at various times, in lieu of an amount specified in the mortgage, upon default, the amount due on the mortgage is the value of the cotton at the market price when each installment fell due, with interest, subject to payments and set-offs, if any.

ACTION tried before *W. R. Allen, J.,* and a jury, at May Term, 1908, of PITT.

Plaintiff appealed.

*Julius Brown* and *W. O. Howard* for plaintiff.
*F. G. James* and *Jarvis & Blow* for defendant.

CLARK, C. J. The plaintiff bought a tract of land of the defendant, receiving a conveyance thereof, and, to secure payment of the purchase money, executed a mortgage back to the vendor on said land, which recites:

"Whereas A. S. Walker is justly indebted to Henry C. Venters in the sum of $4,000, the same being the purchase

money of a certain tract of land this day deeded by said Henry C. Venters and wife to A. S. Walker, and described in said deed; and whereas it is agreed that said A. S. Walker shall pay in lieu of said sum of $4,000 and interest thereon 200 bales of cotton, each weighing 500 pounds, as evidenced by ten several cotton bonds of this date, due and payable as follows:" (here follow the recitals and the reconveyance by way of mortgage to secure the delivery of the cotton at the several dates named).

Said bonds are in the following form:

"On or before 31 December, 1900, for value received, I promise to pay to Henry C. Venters or order, for value received, twenty bales of merchantable lint cotton, each weighing 500 pounds. This bond is secured by real estate mortgage of this date. Witness my hand and seal, this 13 October, 1898.                    "A. S. WALKER.   [Seal.]

"Attest: F. C. HARDING."

Some of the bonds were payable to other parties than Venters, but the aggregate quantity to be delivered was 200 bales, twenty bales deliverable each year for ten years.

The plaintiff offered to prove an alleged parol agreement, made at the time the mortgage was executed, that in case of payment in full settlement at one time, or in event of foreclosure, the amount to be paid was to be $4,000 in money, at plaintiff's option. This evidence the court excluded, because it contradicted the written agreement.

This is the only exception requiring consideration. It is true that a contract may be partly in writing and partly oral (except when forbidden by the statute of frauds), and that in such cases the oral part of the agreement may be shown. But this is subject to the well-established rule that a contemporaneous agreement shall not contradict that which is written. The written word abides and is not to be set aside upon the slippery memory of man.

The mortgage, duly recorded, and the ten bonds in proof evidence a fully considered and matured agreement to deliver 200 bales of merchantable lint cotton, weighing 500 pounds each, at the rate of twenty of such bales in each year, on dates specified in the mortgage and in the bonds. It is specified that this cotton is agreed to be delivered, without interest, *in lieu of* an original indebtedness of $4,000, bearing interest. This agreement was evidently made because the purchaser was apprehensive that cotton might fall in price, and preferred paying a certain fixed amount in the product of the farm. The vendor was satisfied to take such product, and evidently thought that cotton would go up in price enough to counterbalance the loss of interest which, on payments to be made in ten annual installments, aggregates nearly 33⅓ per cent., and, indeed, more, if the interest on the annual payments is reinvested. At any rate, the parties agreed upon this mode of payment *in lieu of* the indebtedness of $4,000, and to show a contemporaneous parol agreement, notwithstanding, to accept $4,000 in lieu of the cotton stipulated for, would be to contradict, not to explain, the written agreement. Such evidence is never admitted if the wording of the written contract is clear, or if the evidence offered is in direct contradiction of the intrinsic meaning of the language of the contract. This point is clearly discussed, with full citation of authorities, by *Mr. Justice Walker* in *Basnight v. Jobbing Co., ante,* 350. Nothing more need be added.

The court further charged that the amount due on the mortgage is the value of twenty bales of cotton at the market price when each installment fell due, with interest, subject to payments and set-offs, if any. This was correct. The other exceptions do not require discussion.

No Error.