## WALKER & MYERS v. D. W. COOPER.

(Filed 17 February, 1909.)

1. **Written Contracts—Parol Evidence—Contradiction.**

    Evidence of a contemporaneous oral agreement, that plaintiff agreed to take as much lumber a week as defendant could deliver, is inadmissible when contradicting the written contract between them, that defendant was to cut and deliver not less than 40,000 feet per week.

2. **Contracts—Mortgages—Damages—Liens—Substitution.**

    Plaintiff, under agreement with defendant, giving a lien for advancements, and to enable him to fulfill his contract to cut and deliver certain lumber, took up a mortgage on defendant's mules, etc. Plaintiff claimed that defendant had not fulfilled his contract, and seized the mules, etc., under the mortgage and the agreement. The jury found that defendant had broken his contract, to plaintiff's damage in a certain sum: *Held*, the amount awarded by the verdict was a lien on the mules, etc.

3. Contracts, Breach of—Waiver.

    Plaintiff's receiving for several weeks a less number of feet of lumber a week from defendant than he had contracted to cut and deliver under a continuous contract, if considered to be a waiver of plaintiff's rights as to the actual deliveries made, does not bar a recovery of damages incident to a future failure to deliver the stipulated quantity, or of those arising from an ultimate breach of contract involving a severance of the contract relation.

    ACTION tried before *Cooke, J.,* and a jury, at November Term, 1908, of BERTIE.

    This action is to recover two mules and two logging wagons.

    On issues submitted, the jury rendered the following verdict:

    1. "Are the plaintiffs, Walker & Myers, the owners and entitled to the possession of the two mules described in the complaint and taken in claim and delivery?" Answer: "Yes."

    2. "Was defendant in wrongful possession thereof when this action was brought?" Answer: "Yes."

    3. "What is the value of said mule?" Answer: "One hundred dollars."

    4. "Were the plaintiffs, Walker & Myers, the owners and entitled to the possession of the two log wagons described in the complaint?" Answer: "Yes."

    5. "Was the defendant in the wrongful possession of said wagons when this action was brought?" Answer: "Yes."

    6. "What is the value of said wagons?" Answer: "Sixty-six dollars."

    7. "Did the plaintiffs, Walker & Myers, break their contract with defendant Cooper, as alleged in his answer?" Answer: "No."

    8. "If so, what damage has defendant sustained?" Answer: . . . .

    9. "What is the balance due plaintiffs, Walker & Myers, on their account against the defendant?" Answer: "One hundred and ninety-six dollars and three cents."

    There was judgment on the verdict for plaintiffs, and defendant excepted and appealed.

*A. O. Gaylord* for plaintiffs.
*Winston & Matthews* for defendants.

HOKE, J. The Court has carefully considered the exceptions noted, and are of opinion that substantial justice has been awarded and that no reversible error appears in the record.

There was evidence tending to show that in January, 1907, plaintiffs and defendant entered into a contract by which defendant, in substance, agreed in writing to cut and deliver for plaintiffs, at their mill on Roanoke River, a large amount of lumber—over a million feet in quantity—not less than 40,000 feet per week, and sold and conveyed to plaintiffs the mules and wagons in question to secure performance of contract on the part of defendant; that plaintiffs were to supply all rafting gear, to make all necessary advances and to pay for said lumber the price of $4 per thousand feet; that plaintiffs, at defendant's request and by way of advancement, took up a mortgage on the mules in question, on which there was due at the time of transfer to plaintiffs the sum of $126.50, and had made all necessary advancements required and necessary to enable defendant to supply the timber to the amount stipulated; that defendant failed to supply the lumber to the amount stipulated and failed to comply with the stipulations of the contract, and plaintiffs were forced to close defendant out; that the amount due them at the time the contract relation was terminated was about $300, and the mules and wagons were seized under the mortgage and the terms of the contract referred to.

The defendant, admitting that he had not delivered the contract amount of 40,000 feet per week, contended chiefly that this failure did not justify the seizure of the mules and the termination of the contract relation :

1. Because at the time this written contract was entered into there was a parol agreement that if the defendant could not supply the 40,000 feet per week the plaintiffs would take what defendant could deliver, and evidence was offered by the defendant as to such parol agreement and excluded by the court.

2. That the failure on the part of the defendant was caused by plaintiffs' own default in not making sufficient and proper advancements when required.

Defendant further contended that the contract gave to plaintiffs no lien on the property seized, but the Court is of opinion that the amount recovered by the plaintiffs, by correct and fair interpretation, should be held and construed as damages for breach of contract on the part of defendant and, as such, secured by a lien on the property under the express terms of the agreement. The claim that the plaintiffs, by their own default, caused the breach of contract complained of, after full investigation, has been found against the defendant by the jury in response to the seventh issue, and the court made a correct ruling in excluding the parol evidence offered in contravention of the written agreement of the parties. *Walker v. Venters,* 148 N. C., 338. In that case the Court held as follows: "A writing cannot be contradicted by a contemporaneous oral agreement, and plaintiff, having agreed in writing to deliver twenty bales of cotton annually for ten years in payment of land, could not show an oral agreement at the time that he could pay $4,000 in money to discharge the debt." And on this subject *Chief Justice Clark,* for the Court, said: "The plaintiff offered to prove an alleged parol agreement, made at the time the mortgage was executed, that in case of payment in full settlement at one time, or in event of foreclosure, the amount to be paid was to be $4,000 in money, at plaintiff's option. This evidence the court excluded, because it contradicted the written agreement. This is the only exception requiring consideration. It is true that a contract may be partly in writing and partly oral (except when forbidden by the statute of frauds), and that in such cases the oral part of the agreement may be shown. But this is subject to the well-established rule that a contemporaneous agreement shall not contradict that which is written. The written word abides, and is not to be set aside upon the slippery memory of man."

Nor is there validity in the objection further urged by defendant that plaintiffs had waived their right to demand delivery of the 40,000 feet per week by accepting for some time delivery of 5,000 feet or less. If it should be conceded that such an acceptance would bar an award of damages for the weeks which the lesser amount had been received, there is no testimony, fact

or circumstance relevant to the inquiry which tends to support the position that such acceptance was intended to change the structural nature of the contract or to be in relinquishment of plaintiffs' right to recover damages incident to a future failure to deliver the stipulated quantity or the damages arising from an ultimate breach of contract involving a severance of the contract relation.

We find no reversible error in the record, and the judgment below is affirmed.

No Error.