W. H. HILLIARD, Administrator of Y. Z. Newberry, et al. v.
A. O. NEWBERRY et al.

(Filed 29 September, 1910.)

1. Mortgages—Notes—Partnership—Retiring Partner — Indemnity—
   Definite Liability—Loss—Right of Action.

   When a collateral obligation is in strictness one of indemnity an action at law will not lie unless and until some actual loss or damage has been suffered; but when the obligation amounts to a binding agreement to do or refrain from doing some definite, specific thing materially affecting the rights of the party an action will presently lie for breach of such agreement, and no loss or damage need be shown prior to its commencement.

2. Same — Notice — Demand—Waiver—Written  Instrument—Parol
   Evidence.

   A retiring partner from the firm sold his interest to his copartner and received in payment therefor certain tracts of land on which there was 'a debt secured by a mortgage. In order to secure the vendor partner from loss by reason of the mortgage, the vendee gave his note in a certain sum, with interest, payable at a fixed time, duly dated, signed and sealed. Upon default of the vendee partner, under the term of the mortgage the vendor

partner brought his action on the note. *Held*, (1) The note was to pay a definite sum at a specified time, and it was unnecessary for plaintiff, to maintain his action on the note, to show loss or damage by reason of the mortgage it was given to indemnify against; (2) failure to give notice of loss suffered under the mortgage does not affect plaintiff's right of action, but only his right to presently sue without first making demand, and this requirement was waived by a general denial of liability; (3) evidence of a contemporaneous verbal agreement that time of payment could be extended was inadmissible as contradictory to the written note definitely fixing the time thereof.

APPEAL from *Peebles, J.,* at the June Term, 1910, of CAR-TERET.

The action was instituted on 2 February, 1910, and the complaint of plaintiffs duly verified contained allegations to the effect that on the 27th day of January, 1908, plaintiff's intestate and defendant A. O. Newberry dissolved partnership theretofore existent between them, defendant A. O. Newberry buying out the interest of the intestate, and in payment for such interest conveyed to plaintiff's intestate three tracts of land on which there was a mortgage, duly registered and now held by co-defendant M. Hahn. This mortgage, annexed to and made a part of the complaint, showed that it was given to secure a sum of money on which there was a balance now due and owing to defendant Hahn, as stated; that at said time in order to secure the intestate against said mortgage debt, the defendant A. O. Newberry executed and delivered to intestate his note under seal as follows:

"$3,000.

"On or before the first day of January, 1909, I promise to pay to Y. Z. Newberry $3,000, with interest from date at the rate of 6 per cent per annum, for value received.

"This note is given to secure Y. Z. Newberry against any loss which might arise from the amount now due Meyer Hahn, and with the understanding that if this note is paid when due it shall be returned as though never given.

"Given under my hand and seal this 27th day of January, 1908.                              "A. O. NEWBERRY (Seal)."

There was a balance due on said mortgage which defendant had failed to pay. Before bringing this action plaintiff, administrator, had demanded payment and settlement of said note and mortgage of defendant A. O. Newberry, and he had failed to pay same. Replying to defendant's answer, there was further allegation to the effect that A. O. Newberry was insolvent and his property encumbered by specific liens thereon to different persons, and that judgment on the note was necessary to the preservation and protection of plaintiff's rights under the contract, etc. Defendant A. O. Newberry answered admitting the dissolution of partnership and purchase of the assets, the conveyance of the realty in part payment and the execution of the note declared on, and admitted further that the mortgage had not been paid and that a balance was still due thereon. Denying liability, defendant further alleged and claimed in effect—

1. That the obligation was strictly one of indemnity and that no action thereon arose to plaintiff until he had suffered actual loss or damage by reason of the mortgage.

2. That no definite time was set for paying off the mortgage, and that it was understood and agreed at the time the note was given that if A. O. Newberry was not in a position to pay the mortgage debt when due he was to be at liberty to obtain an extension thereon from Hahn and have the benefit of same in respect to the plaintiff's present claim; that defendant had obtained such extension and was gradually paying off the mortgage and there was no likelihood that plaintiff would ever suffer damage by reason thereof.

3. That no notice of loss or damage actually suffered had been given before action brought.

On perusal of the pleadings and motion duly made the court gave judgment for plaintiff on the note to be discharged on "production and surrender of said mortgage duly paid and satisfied of record" or on payment of amount due thereon, principle and interest to plaintiff and costs of present action, and defendant excepted and appealed.

*D. L. Ward, Moore & Dunn, Guion & Guion, Loftin, Varser & Dawson* for plaintiff.

*Abernathy & Davis* for defendant.

HOKE, J., after stating the case.   On the question presented
the authorities are to the effect that when a collateral obliga-
tion is in strictness one of indemnity, an action at law will not
lie unless and until some actual loss or damage has been suf-
fered; but when the obligation amounts to a binding agreement
to do or refrain from doing some definite, specific thing mate-
rially affecting the rights of the parties, an action will presently
lie for breach of such an agreement and no damage need be
shown.   Even on a bond of strict indemnity, however, while an
action at law would not lie until damage suffered, our own deci-
sions under the old system were to the effect that a person could
invoke the aid of the equity courts when the facts disclosed that
such action required for the preservation and maintenance of his
rights under the contract.   *Burroughs v. McNeill,* 22 N. C., p.
297.   Recurring to the principle first stated in 16 A. & E., p.
179, it is said: "Where the promisor has undertaken to do a
particular act or make a specific payment as well as to indemnify
the promisee the contract is broken and a recovery for such
breach may be had as soon as the time for doing such act or
making such payment has arrived and the promisor has failed
to perform his obligations and in such case it is no defense that
the promise has not been damnified."   And in Pingrey on
Suretyship and Guaranty the author, in speaking to the ques-
tion, sec. 182, says: "It is settled that no action can be main-
tained by the surety upon an implied promise, if the principal
has made default, without first making payment of the debt,
except where the principal has broken his promise to do or
refrain from doing some particular act or thing or to save the
surety from some charge or liability.   Thus where the maker
of a note agrees with the surety to pay the amount of the note
to the payee on a given day, but makes default, the surety can
recover from his principal without first making payment of the
note.

"In like manner, where a partnership is dissolved by one
partner leaving the firm with the debts outstanding, and a new
firm agrees with the outgoing partner to pay the debt of the old
partnership and save him harmless from any costs, trouble or

liability on account of the same, upon default of the new firm, the partner who withdrew can recover against the new firm without first paying such debts. When an obligation to do a particular thing or to pay a debt for which the covenantee is liable, or to indemnify against liability, is broken, the right of action is complete upon the principal's failure to do the particular thing he agreed to perform or to pay the debt or discharge the liability.

"If the contract be one of indemnity simply, and nothing more, then damages must be shown before the party indemnified is entitled to recover; but if there be an affirmative contract to do a certain act or to pay a certain sum or sums of money, then the surety can sue the principal before paying the debt to the creditor." And the authorities cited fully support this statement of the doctrine. Many of them being on facts very similar to those presented in the present case. *Dorrington v. Minnick,* 15 Nebraska, 397-403; *Wilson v. Stillwell,* 9 Ohio St., 467; *Lathrop v. Atwood,* 21 Conn., 117; *Kohler, Extrix., v. Matlage,* 72 N. Y., 259; *Hall et al. v. Nash,* 10 Mich., 303; *Loose Moore v. Radford,* 9 M. & W. Exchequer, 656.

In *Stillwell v. Wilson, supra,* the digest appears in the official report as follows: "Where S., a retiring member of a firm, took from his late partner T. a bond, with W. as surety thereon, conditioned that T. would pay all the debts of the late firm, which condition was broken. Held, (1) That S., without having first paid any of said debts, or been otherwise specifically damnified, is entitled to recover on said bond against the obligors therein, to the amount of such debts remaining unpaid. (2) In such action it is proper that the creditors of the firm should be made parties, and that the court should, in the judgment, authorize the application of the amount recovered to the payment of the debts of the firm in discharge of the judgment."

And in *Loosemore v. Radford,* the doctrine is stated in the headnote as follows: "The plaintiff and defendant, being joint makers of the promissory note, the defendant as principal and the plaintiff as surety, the defendant covenanted with plaintiff to pay the amount to the payee of the note on a given day, but

made default. "*Held,* in an action on the covenant, that the plaintiff was entitled, though he had not paid the note, to recover the full amount of it by way of damages."

In the present case while the note sued on was undoubtedly given to secure plaintiff's intestate from any loss or liability by reason of the mortgage, it contained, further, the promise to pay a definite sum by a stated time, and we concur with the judge below in the opinion that under the authorities cited and the principle established and sustained by them, the plaintiff was entitled to judgment. And we agree with his Honor also in the position that no valid defense is set up in defendant's answer, and no issue raised in bar of plaintiff's demand. As heretofore stated, the obligation sued on is not in strictness one of indemnity simply, but contains in addition a positive promise to pay a definite sum, and at a specified time, and entitles the plaintiff to judgment according to the tenor of the bond. The claim that there was a contemporaneous oral agreement to the effect that the time could be further extended is in direct contradiction to the written stipulation of the agreement, and under several recent decisions of the Court such a position was not open to defendant. *Woodson v. Beck,* 151 N. C., p. 145; *Walker v. Cooper,* 150 N. C., p. 129; *Walker v. Venters,* 148 N. C., p. 388; *Mudge v. Varner,* 146 N. C., p. 147; *Bank v. Moore,* 138 N. C., 529.

On the question of notice raised by defendant, it will be observed that there is no denial in the answer "that before bringing this suit plaintiff administrator demanded payment and settlement of the note and mortgage," but the allegation is "that before bringing this suit, defendant had not been notified of any loss of damages suffered by plaintiff." The position of defendant in regard to the necessity of notice before action brought applies to collateral obligations strictly of indemnity, and has no bearing when the suit is on an obligation which contains in addition binding stipulations to do or refrain from doing specific things, and on breach of which, as we have endeavored to show, neither actual loss or the notice of it is required. An examination of the authorities relied on by defendant here, notably *Cox v. Brown,* 51 N. C., p. 100; *Sherrod v.*

*Woodard,* 15 N. C., p. 360, and others, will disclose too that even on bonds of indemnity strictly, the failure to give notice was held not to affect a plaintiff's cause of action at all, but only his right to presently sue without first making demand, and in cases of that character a demand is generally waived by an answer denying any and all liability on part of defendant. The doctrine last referred to was approved by this Court in a recent case, *Smith v. French,* 141 N. C., p. 1, and its application would in any event deprive defendant of defense on that ground. There is no error and the judgment below is

Affirmed.