CLARA F. JUSTICE v. TENCH C. COXE, Jr.

(Filed 22 January, 1930.)

**1. Evidence J a—Parol evidence as to payment of note held admissible.**

Where the purchase-money note secured by mortgage is given for the balance of the purchase price of lands it may be shown by parol evidence that it was contemporaneously agreed between the parties that the maker of the note was to be discharged upon his conveyance of the lands to another who was to pay the consideration and who were the real parties

to the contract and for whom the maker of the note was acting, the parol evidence not tending to vary the terms of the written instrument, but being solely as to the method of payment contemplated by the parties.

2. **Mortgages C d—Under agreement of parties in this case mortgagor was not liable for mortgage debt.**

One to whom title to lands is conveyed upon payment of part of the purchase price with money furnished by another, and who gives his note secured by a mortgage to the grantor for the balance, and who receives no benefit from the transaction, under an agreement that the mortgagor was to be discharged from liability upon his conveyance to the one furnishing a part of the purchase price: *Held,* the mortgagor acquires only the naked title in trust which he may be compelled to convey to the real beneficial party upon his assumption of the mortgage debt, and upon his transfer of the property to him is not liable to the mortgagee thereon.

APPEAL by plaintiff from *Schenck, J.,* at April Term, 1929, of BUN-COMBE. No error.

Action to recover the balance due on notes executed by defendant, and payable to plaintiff or her order.

The consideration for said notes, as alleged in the complaint, was part of the purchase price for land conveyed to defendant by plaintiff, the remainder of said purchase price having been paid to plaintiff, at the date of the conveyance by her of said land. The notes were secured by a deed of trust on said land; this deed of trust was also executed by defendant. Upon default in the payment of said notes, the deed of trust was foreclosed by the sale of the land conveyed thereby. The net proceeds of said sale were applied as payments on said notes, leaving a balance due thereon of $3,223.35. Plaintiff prays judgment that she recover of the defendant the said sum of $3,223.35, with interest and costs.

In his answer defendant admitted the execution by him of the notes sued on; he alleges, however, that he received no consideration for said notes, for that, pursuant to the terms of an agreement made by and between plaintiff and defendant, contemporaneously with the conveyance of the land to him by the plaintiff, and with the execution of said notes by him, he subsequently conveyed the land which plaintiff had conveyed to him to George W. Knight, Edward Higgins and Samuel Puleston, who assumed the payment of said notes in accordance with the terms of said agreement. Defendant contends that having performed his agreement with plaintiff, by its terms he was discharged of liability to plaintiff on said notes. He prays judgment that plaintiff take nothing by her action, and that he go hence without day and recover his costs of the plaintiff.

At the trial defendant offered evidence tending to sustain the allegations of his answer.

There was evidence tending to show that the land was conveyed by plaintiff to defendant, and that the notes sued on were .executed by defendant, solely for the benefit and accommodation of plaintiff; that she had theretofore contracted in writing to sell and convey the said land to George W. Knight, Edward Higgins and Samuel Puleston, residents of the State of Florida; that because of their absence from this State on the day when she insisted upon performing her contract with them, they could not on said day execute the notes and deed of trust securing the same, in accordance with said contract; and that in order to enable plaintiff to secure the cash payment on the purchase price of said land, on said day, it was agreed by and between plaintiff and defendant, with the approval of said George W. Knight, Edward Higgins and Samuel Puleston, given to their attorneys over the telephone, that plaintiff should convey the land to defendant, and that defendant should execute the notes for the deferred payments on the purchase price, and the deed of trust securing said notes, and should thereafter, as soon as practicable, convey the land to the said George W. Knight, Edward Higgins and Samuel Puleston, who should thereupon assume the payment of the notes. This agreement was fully performed by all the parties thereto. As the result of the manner in which the transaction was handled, plaintiff received the cash payment on the purchase price for her land, the same having been made by their attorneys in this State from funds furnished by George W. Knight, Edward Higgins and Samuel Puleston for that purpose.

The only issue submitted to the jury was answered as follows: "Was there a contract, express or implied, between the plaintiff, Clara F. Justice, and the defendant, Tench C. Coxe, Jr., that the notes sued on were to be paid by George W. Knight, Edward Higgins, and Samuel Puleston, as alleged in the answer? Answer: Yes."

From judgment on the verdict that plaintiff take nothing by her action, and that defendant go without day and recover of plaintiff his costs, plaintiff appealed to the Supreme Court.

*Rollins & Smathers* for plaintiff.
*Carter & Carter and Joseph F. Ford* for defendant.

CONNOR, J. Parol evidence offered by defendant for the purpose of showing all the terms of the contract between plaintiff and defendant, with respect to the transaction of which the execution of the notes was only a part, was admissible and competent for that purpose. *Crown Co. v. Jones,* 196 N. C., 208, 145 S. E., 5. The agreement shown by the evidence does not contradict, add to, alter or vary the terms of the notes.

Plaintiff's objections to the admission of the evidence were properly overruled. On her appeal to this Court plaintiff relies solely upon assignments of error presenting her contention that the parol evidence was inadmissible and should have been excluded, for that it tended to contradict, add to, alter or vary the terms of the notes. These assignments of error cannot be sustained.

All the evidence was to the effect that defendant did not receive, and that it was not contemplated by the parties to the contract, pursuant to which the notes were executed, that he should receive any consideration for said notes. He acquired no beneficial interest in the land conveyed to him by the plaintiff. He paid no part of the cash payment on the purchase price for said land; the cash payment was made to the plaintiff by George W. Knight, Edward Higgins and Samuel Puleston, in accordance with their contract with her. Upon the consummation of the transaction, involving the conveyance of the land by plaintiff to defendant, the said George W. Knight, Edward Higgins and Samuel Puleston became the equitable owners of the land, and upon their assumption of the notes executed by defendant, would have been entitled to a decree that defendant convey the legal title to them. Defendant under his deed from the plaintiff, by reason of the agreement between him and the plaintiff, acquired the bare legal title to the land, which in accordance with his agreement with plaintiff and with them, he conveyed to George W. Knight, Edward Higgins and Samuel Puleston, upon their assumption of the notes for the balance due on the purchase price for the land.

Even if it should be held that prior to his conveyance of the land in accordance with his agreement, defendant was liable on the notes to plaintiff, upon such conveyance, in performance of his agreement, he was discharged of such liability. It would be unconscionable to hold otherwise. The law will not permit plaintiff to require defendant to agree to convey the land to a third party, and then after defendant has complied with this agreement, to hold defendant liable on the notes which in accordance with the agreement, he has required such party to assume.

The contract, which defendant alleged in his answer was entered into by and between him and the plaintiff contemporaneously with the execution of the notes, was, in effect, that defendant should be discharged of liability upon his conveyance of the land to George W. Knight, Edward Higgins and Samuel Puleston, and upon their assumption of the notes. Parol evidence to show this contract was admissible upon the principle on which *Bank v. Winslow*, 193 N. C., 470, 137 S. E., 320, was decided. In the opinion in that case it is said, "The law is firmly established that parol evidence is inadmissible to contradict or vary the terms of a nego-

tiable instrument, but this rule does not apply to a parol agreement made contemporaneously with the writing providing a mode of payment." Nor does the rule apply to such parol agreement providing for discharge of the maker otherwise than by payment. The judgment is affirmed. We find

No error.