WILMINGTON SAVINGS AND TRUST COMPANY, TRUSTEE, v. H. F.
WILDER AND WIFE, JENNIE B. WILDER.

(Filed 28 February, 1934.)

**Bills and Notes H a—Plaintiffs held not entitled to judgment on plead-
ings in action on note, defendant's answer alleging a valid defense.**

In an action between the original parties on a negotiable note allega-
tions that the payees, prior to the execution of the note sued on, held a
note of third parties secured by deed of trust and upon default had the
land conveyed to defendants as trustees for plaintiffs and that defendants
executed the note sued on in like sum under an agreement that the payees
would not enforce payment of the note but would look solely to the pro-
ceeds from the sale of the land when it could be sold, and that the makers
received no consideration for the note, states a valid defense and judg-
ment on the pleadings in favor of the payees is error.

CIVIL ACTION, before *Sinclair, J.,* at May Term, 1933, of NEW
HANOVER.

On 7 May, 1930, the defendants executed and delivered to the plaintiff
as trustee of the Perpetual Agreement Fund of the Oakdale Cemetery
Company two promissory notes in the sum of $2,000 each. These notes
were secured by a deed of trust on certain property in Wilmington.
The payees in the notes were the trustees of the Perpetual Agreement
Fund of Oakdale Cemetery Company, and the plaintiff is the successor
of said trustees by virtue of chapter 69 of the Private Laws of 1931.
The trustee, in the deed of trust securing the notes, upon default, ad-
vertised and sold the property on 30 August, 1932, and the plaintiff
became the last and highest bidder for said property. After crediting
the proceeds of the sale upon the loan there was a deficiency of $2,668.28,
and this action was instituted for the recovery of said amount.

The defendants alleged "that sometime ago the trustees of the Per-
petual Agreement Fund of Oakdale Cemetery Company held notes signed
by W. D. Colwell and wife, and to secure the payment of said notes had
a deed of trust . . . on the same real estate described in the com-
plaint; that the said W. D. Colwell and wife defaulted in the payment
of said indebtedness and under the terms of the deed of trust, a repre-
sentative and agent of the Perpetual Agreement Fund of Oakdale Ceme-
tery Company arranged with these defendants, through H. F. Wilder,
to take over said property as trustee for the Oakdale Cemetery Com-
pany . . . with the understanding and agreement that they would
never be pushed or called upon to pay said notes or any part of same,
but would handle same as trustee for plaintiffs, and when said property
could be sold that the proceeds derived from the sale of said property
was to be applied on the notes. These defendants were not to be called
upon to pay any part of said notes out of their own funds, but these

defendants would handle said property as trustee and endeavor to get a sale for same as agents of the plaintiff. In consequence of said agreement, these answering defendants executed the notes and deed of trust as an accommodation to plaintiff, and these defendants have never received any value for same or any benefit whatever, but were only acting as agents and trustees for plaintiffs, and these defendants are in no way liable to plaintiffs in any sum whatever."

After the pleadings were read the plaintiff moved for judgment, and the trial judge being of the opinion that the plaintiff was entitled to judgment upon the pleadings, adjudged accordingly, and the defendant appealed.

*K. O. Burgwin* for plaintiff.
*John A. Stevens* for defendants.

BROGDEN, J. This controversy is between the original parties to the notes described in the complaint. The only question of law is whether the defense pleaded in the answer classifies the case in the line represented by *Hilliard v. Newberry,* 153 N. C., 104, 68 S. E., 1056; *Boushall v. Stronach,* 172 N. C., 273, 90 S. E., 198; *Mfg. Co. v. McCormick,* 175 N. C., 277, 95 S. E., 555; *Bank v. Andrews,* 179 N. C., 341, 102 S. E., 414, or the line represented by *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847; *Bank v. Winslow,* 193 N. C., 470, 137 S. E., 320; *Justice v. Coxe,* 198 N. C., 263, 151 S. E., 252; *Stack v. Stack,* 202 N. C., 461, 163 S. E., 589.

Liberally construed, the defendants allege that they executed the notes as trustees for the plaintiff, receiving no consideration, and with the agreement that the notes were to be paid out of the proceeds of the sale of land. These allegations invoke the principles applied in the second line of cases, *supra,* and therefore it necessarily follows that the judgment upon the pleadings was inadvertently entered.

Reversed.