On 7 May, 1930, the defendants executed and delivered to the plaintiff as trustee of the Perpetual Agreement Fund of the Oakdale Cemetery Company two promissory notes in the sum of $2,000 each. These notes were secured by a deed of trust on certain property in Wilmington. The payees in the notes were the trustees of the Perpetual Agreement Fund of Oakdale Cemetery Company, and the plaintiff is the successor of said trustees by virtue of chapter 69 of the Private Laws of 1931. The trustee, in the deed of trust securing the notes, upon default, advertised and sold the property on 30 August, 1932, and the plaintiff became the last and highest bidder for said property. After crediting the proceeds of the sale upon the loan there was a deficiency of $2,668.28, and this action was instituted for the recovery of said amount.
The defendants alleged "that sometime ago the trustees of the Perpetual Agreement Fund of Oakdale Cemetery Company held notes signed by W. D. Colwell and wife, and to secure the payment of said notes had a deed of trust . . . on the same real estate described in the complaint; that the said W. D. Colwell and wife defaulted in the payment of said indebtedness and under the terms of the deed of trust, a representative and agent of the Perpetual Agreement Fund of Oakdale Cemetery Company arranged with these defendants, through H. F. Wilder, to take over said property as trustee for the Oakdale Cemetery Company . . . with the understanding and agreement that they would never be pushed or called upon to pay said notes or any part of same, but would handle same as trustee for plaintiffs, and when said property could be sold that the proceeds derived from the sale of said property was to be applied on the notes. These defendants were not to be called upon to pay any part of said notes out of their own funds, but these *Page 125 
defendants would handle said property as trustee and endeavor to get a sale for same as agents of the plaintiff. In consequence of said agreement, these answering defendants executed the notes and deed of trust as an accommodation to plaintiff, and these defendants have never received any value for same or any benefit whatever, but were only acting as agents and trustees for plaintiffs, and these defendants are in no way liable to plaintiffs in any sum whatever."
After the pleadings were read the plaintiff moved for judgment, and the trial judge being of the opinion that the plaintiff was entitled to judgment upon the pleadings, adjudged accordingly, and the defendant appealed.
This controversy is between the original parties to the notes described in the complaint. The only question of law is whether the defense pleaded in the answer classifies the case in the line represented by Hilliard v.Newberry, 153 N.C. 104, 68 S.E. 1056; Boushall v. Stronach, 172 N.C. 273,90 S.E. 198; Mfg. Co. v. McCormick, 175 N.C. 277, 95 S.E. 555;Bank v. Andrews, 179 N.C. 341, 102 S.E. 414, or the line represented byEvans v. Freeman, 142 N.C. 61, 54 S.E. 847; Bank v. Winslow, 193 N.C. 470,137 S.E. 320; Justice v. Coxe, 198 N.C. 263, 151 S.E. 252; Stackv. Stack, 202 N.C. 451, 163 S.E. 589.
Liberally construed, the defendants allege that they executed the notes as trustees for the plaintiff, receiving no consideration, and with the agreement that the notes were to be paid out of the proceeds of the sale of land. These allegations invoke the principles applied in the second line of cases, supra, and therefore it necessarily follows that the judgment upon the pleadings was inadvertently entered.
Reversed.