## CORAL GABLES, INC., v. NETTIE C. AYRES.

(Filed 18 September, 1935.)

**1. Appeal and Error C b—**

When appellee fails to return appellant's statement of case on appeal with objections within the time prescribed, the appellant's statement of case on appeal prevails by operation of law. C. S., 643.

**2. Evidence J a—Parol evidence that maker was not to be called upon for further payments on note held incompetent as contradicting writing.**

Plaintiff declared on a note executed by defendant for the balance of the purchase price of land. Defendant offered parol evidence to the effect that it was agreed that plaintiff should resell the land within two months,

and that defendant would never be called upon for further payments, that the land was resold, and that plaintiff understood that her note would thereupon be canceled. *Held:* The parol evidence was incompetent as being in contradiction of the written instrument, and its admission constitutes reversible error, although plaintiff would not have been precluded from showing an agreement that her note was to be delivered up and canceled upon the resale of the land by plaintiff, if such was the agreement and the meaning of her allegation.

**3. Appeal and Error B b—**

An appeal will be decided in accordance with the theory of trial in the lower court.

APPEAL by plaintiff from *Clement, J.,* at December Term, 1934, of MOORE.

Civil action to recover $1,827.50 balance alleged to be due on a sealed promissory note, executed by the defendant to the Coral Gables Corporation, 4 June, 1925, and now owned and held by the plaintiff.

The defendant alleges that on 4 June, 1925, she bought two lots, or parcels of land, from the Coral Gables Corporation through W. J. Kearney, its authorized agent, "who promised absolutely to resell her said contract within two months, and that she, the defendant, would never be called upon to make further payments thereon"; that the lots were resold by the said W. J. Kearney, and the defendant thereby relieved of any further liability by reason of said transaction.

Over objection, the defendant was allowed to testify that she bought two lots "with the understanding that those lots were to be resold for me before I was ever called on for another payment"; that upon the resale of the property "I supposed when I sent my papers back that cancelled my note and obligation to Coral Gables."

The Judge charged the jury that according to the alleged parol agreement, "they guaranteed to resell the lots at a profit and that she (defendant) would not have to pay the note."

The jury answered the issue of indebtedness "None," and from the judgment thereon, plaintiff appeals, assigning errors.

*H. F. Seawell, Jr., for plaintiff.*
*W. Duncan Matthews for defendant.*

STACY, C. J. As appellant's statement of case on appeal was not returned by appellee with objections within the time prescribed, it thereby became the statement of case on appeal by operation of law. C. S., 643; *S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602. The transcript is not very full or clear, but, as we understand it, the defendant was permitted to offer parol evidence in contradiction of the terms of her written instrument. This is

at variance with the established rule. *Bank v. Dardine,* 207 N. C., 509, 177 S. E., 635; *Roebuck v. Carson,* 196 N. C., 672, 146 S. E., 708.

In *Manufacturing Co. v. McCormick,* 175 N. C., 277, 95 S. E., 555, it was said a contemporaneous oral agreement "that defendant would not be required to pay his note according to its terms," and that payment of the principal would be extended at maturity upon payment of interest, could not be allowed as a defense because in direct contradiction of the written promise to pay.

Similarly, in *Hilliard v. Newberry,* 153 N. C., 104, 68 S. E., 1056, an alleged contemporaneous oral agreement to extend the time of payment beyond that appearing on the face of the note, was not allowed to be shown in evidence. To like effect are the decisions in *Thomas v. Carteret,* 182 N. C., 374, 109 S. E., 384; *Boushall v. Stronach,* 172 N. C., 273, 90 S. E., 198; *Rousseau v. Call,* 169 N. C., 173, 85 S. E., 414; *Woodson v. Beck,* 151 N. C., 144, 65 S. E., 751; *Walker v. Cooper,* 150 N. C., 128, 63 S. E., 681; *Walker v. Venters,* 148 N. C., 388, 62 S. E., 510; *Mudge v. Varner,* 146 N. C., 147, 59 S. E., 540; *Bank v. Moore,* 138 N. C., 529, 51 S. E., 79; *Ray v. Blackwell,* 94 N. C., 10.

Of course, the defendant would not be prohibited from showing, if such be the fact and the meaning of her allegation, that, upon a resale of the land by Kearney, her note was to be delivered up and cancelled. *Galloway v. Thrash,* 207 N. C., 165, 176 S. E., 303; *Bank v. Rosenstein,* 207 N. C., 529, 177 S. E., 643; *Williams v. Turner, ante,* 202; *Furr v. Trull,* 205 N. C., 417, 171 S. E., 641. However, as now presented, the case seems not to have been tried upon this theory. An appeal *ex necessitate* follows the theory of the trial. *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498; *Holland v. Dulin,* 206 N. C., 211, 173 S. E., 310. "The theory upon which a cause is tried must prevail in considering the appeal, and in interpreting a record and in determining the validity of exceptions"—*Brogden, J.,* in *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123.

The plaintiff is entitled to a new trial. It is so ordered.

New trial.